J-A06022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| B.S. AND T.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| E.U. AND S.B. | : | No. 1256 WDA 2025 |

Appeal from the Order Entered September 9, 2025
In the Court of Common Pleas of Blair County Civil Division at No(s):
2024-02050

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

CONCURRING MEMORANDUM BY OLSON, J.:    **FILED: March 17, 2026**

I agree with the learned Majority that B.S. and T.B. (Foster Parents)[1]

lack standing to file the instant custody action.  I also agree that, if applicable,

Foster Parents failed to establish by clear and convincing evidence that

"[n]either parent has any form of care and control of the child" as required by

_____

[1] The Majority, *sua sponte*, chose to use the parties' initials and amended the caption accordingly.  Majority at 1, n. 1.  I believe that this runs afoul of the Pennsylvania Rules of Appellate Procedure.  Specifically, Rule 904(b)(2) provides, "[i]n an appeal of a custody action where the trial court has used the full name of the parties in the caption, **upon application of a party and for cause shown**, an appellate court may exercise its discretion to use the initials of the parties in the caption **based upon the sensitive nature of the facts included in the case record** and the best interest of the child." Pa.R.A.P. 904(b)(2) (emphasis added).  In this case, the trial court used the full names of the parties in the caption.  Additionally, no party filed an application with this Court asking that initials be used.  The facts of this case do not warrant an amendment as they are not any more sensitive in nature than any other case involving a custody dispute.  Hence, in accordance with Rule 904(b)(2), the full names of the parties (other than O.U. (Child)) should be used.

23 Pa.C.S.A. § 5324(4)(iii). I write separately, however, as I do not believe that 23 Pa.C.S.A. §5324(4) applies in this case; therefore, an analysis of the three elements of paragraph (4) is not warranted.

As noted by my learned colleagues, Section 5324 clarifies who may file an action for any form of physical or legal custody of a child. Majority at 7. This section states in relevant part:

**§ 5324. Standing for any form of physical custody or legal custody**

The following individuals may file an action under this chapter for any form of physical custody or legal custody:

* * *

(4) **Subject to paragraph (5)**, an individual who establishes by clear and convincing evidence all of the following:

(i) The individual has assumed or is willing to assume responsibility for the child.

(ii) The individual has a sustained, substantial and sincere interest in the welfare of the child. In determining whether the individual meets the requirements of this subparagraph, the court may consider, among other factors, the nature, quality, extent and length of the involvement by the individual in the child's life.

(iii) Neither parent has any form of care and control of the child.

(5) **Paragraph (4) shall not apply if:**

(i) a dependency proceeding involving the child **has been initiated or is ongoing**; or

(ii) there is an order of permanent legal custody under 42 Pa.C.S. § 6251(a)(2.1) or (f.1)(3) (relating to disposition of dependent child).

23 Pa.C.S.A. § 5324(4)-(5) (emphasis added). In considering these statutory provisions, the trial court concluded, in part, that Foster Parents failed to meet the requirements of Section 5324(4) because "[Child] is involved in ongoing dependency proceedings which were initiated prior to the instant action; consequently, 23 Pa.C.S.A. § 5324(5)(i) denies standing under § 5324(4) . . .". Trial Court Opinion, 11/5/25, at 4. In agreeing, in part, with the trial court, the Majority concludes that "assuming the dependency action remains ongoing, the language of [S]ection [5324(5)(i)] expressly prevents Foster Parents from asserting standing." Majority at 8. However, my colleagues go on to state that "Father claims the dependency action was closed following Child's return to his care in October 2024." *Id.* Based upon the record before us (which is separate from the dependency action), the Majority concludes that "we are unable to ascertain whether the dependency action pertaining to Child remains open, or whether it was, in fact, closed when Child was returned to Father's care." *Id.* at 8-9. Hence, my colleagues go on to analyze whether Foster Parents met the three requirements of Section 5324(4). Majority at 9.

Like the trial court, I believe that Section 5324(4) does not apply in this case. Section 5324(5) expressly provides that paragraph (4) shall not apply if "a dependency proceeding involving the child has been initiated **or** is ongoing". 23 Pa.C.S.A. §5324(5)(i) (emphasis added). Based on the clear

- 3 -

and unambiguous terms of the statute[2], paragraph (4) is not applicable so long as a dependency proceeding involving the child "has been initiated." It is not necessary, as the Majority concludes, that the dependency proceeding be ongoing. **See** Majority at 8 ("assuming the dependency action remains ongoing, the language of [S]ection [5324(5)(i)] expressly prevents Foster Parents from asserting standing"). Instead, Section 5324(5)(i) uses the disjunctive term "or" and bars the application of paragraph (4) as a basis for standing so long as a dependency proceeding has been initiated **or** is ongoing. In this case, there is no dispute that a dependency proceeding involving Child was initiated. Thus, even if the dependency proceeding was terminated, Section 5324(5)(i) controls and renders section 5324(4) inapplicable. Accordingly, I conclude that Foster Parents lack standing as they fail to meet the requirements of 23 Pa.C.S.A. § 5324.

_____

[2] Pursuant to the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The plain language of the statute traditionally "provides the best indication of legislative intent." **Commonwealth v. Crosby**, 329 A.3d 1141, 1149 (Pa. 2025) (citation omitted). As dictated by the Statutory Construction Act, courts must ascribe "the common and approved meaning" to the General Assembly's words and phrases, unless the word or phrase is technical, has a peculiar and appropriate meaning, or is expressly defined in the statute. 1 Pa.C.S. § 1903(a).